**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| THOMAS HAND, a married man filing individually and on behalf of all others similarly situated; SHAHIN ADIBMEHR, a single man filing individually and on behalf of all others similarly situated; JOSEPH COLE, a single man filing individually and on behalf of all others similarly situated; and MELANIE CARTE, a single woman filing individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>DIONEX CORPORATION, a Delaware Corporation;<br><br>Defendant. | Case No. CV 06-1318-PHX-JAT<br><br>**ORDER** |

The parties have filed a Joint Motion Requesting that the Court Reconsider Its Order Re: Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit (Doc. #51). The Court entered an Order on October 16, 2007 dismissing the case pursuant to a stipulation without approving the Settlement Agreement (Doc. #49). The parties ask this Court to reconsider its October 16 Order and, pursuant to *Lynn's Food Stores, Inc. v. United States*,

679 F.2d 1350 (11th Cir. 1982), enter an Order that specifically approves the parties' Settlement Agreement. The Court will grant the joint motion to reconsider.

In *Lynn's*, the Eleventh Circuit held:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by Employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's*, 679 F.2d at 1352-53.

Normally, the Court does not rule on a private settlement negotiated between parties. But because Plaintiffs filed a FLSA action against Defendant, the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement. *Id.*; *see also Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 *3 (E.D. Cal. Jan. 26, 2007). The Court may approve the settlement if it reflects a "reasonable compromise over issues." *Lynn's*, 679 F.2d at 1354.

The Court has reviewed the proposed Settlement Agreement and finds that it does in fact reflect a fair and reasonable resolution of the issues. Defendant strongly contested liability under the FLSA; claiming the Plaintiffs were exempt employees. Further, even if the Plaintiffs could have proven liability, they would have faced difficultly establishing that each Plaintiff worked more than 40 hours per week or 8 hours per day. The parties also had a bona fide dispute regarding the treatment under the FLSA of the time spent traveling to and

from work. Finally, the proposed distribution to each Plaintiff is fair because the distribution directly relates to each Plaintiff's length of employment with Defendant.

Because this particular case represents an exception to the normal rule that courts do not rule on the merits of a privately negotiated settlement agreement, the Court will grant the motion to reconsider and enter a new stipulated judgment of dismissal.

Accordingly,

IT IS ORDERED GRANTING the Joint Motion Requesting that the Court Reconsider Its Order Re: Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit (Doc. #51).

IT IS FURTHER ORDERED VACATING the Court's Order of October 16, 2007 (Doc. #49).

IT IS FURTHER ORDERED GRANTING the Joint Motion to Approve Settlement Agreement and to Dismiss Lawsuit (Doc. #48). The Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute over wages owed pursuant to the federal Fair Labor Standards Act (the "FLSA"), and accordingly, the Settlement Agreement is approved.

IT IS FURTHER ORDERED that Plaintiff Thomas Hand's claim for retaliation in violation of the FLSA (Count II of the First Amended Complaint) is dismissed without prejudice; and all other claims comprising this action are dismissed with prejudice.

IT IF FURTHER ORDERED that the Court shall retain jurisdiction over the parties to enforce the Settlement Agreement.

DATED this 9th day of November, 2007.

James A. Teilborg
United States District Judge